UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

MICHAEL GREEN,

    Plaintiff,

 v.            Case No. 25-cv-840-pp

ALDI INC.,

    Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), DENYING MOTION TO FILE ELECTRONICALLY (DKT. NO. 4), SCREENING COMPLAINT AND DISMISSING CASE**

---

  On June 12, 2025, the plaintiff—who is representing himself—filed a complaint, dkt. no. 1, a request to proceed without prepaying the filing fee, dkt. no. 2, and a motion for leave to file electronically, dkt. no. 4. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee, deny the motion for leave to file electronically and dismiss the case.

**I.  Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)**

  An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff must fully disclose his financial condition, and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to

1

proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]").

The plaintiff's affidavit states that he is unemployed and unmarried with no dependents. Dkt. No. 2 at 1. He has no monthly income, does not own a home or a vehicle and has no property of value. Id. at 2–4. He states that he currently has $13.43 in in cash or bank accounts. Id. at 3. The plaintiff states that he has monthly expenses of $670, including $450-$600 in rent. Id. at 2–3. He states that he receives government assistance for some household expenses but does not identify the amount. Id. at 2. The plaintiff also asserts that he has a pending application for Social Security benefits. Id. at 4.

The court finds that the plaintiff does not have the ability to prepay the filing fee and will grant his motion for leave to proceed without doing so. The court advises the plaintiff, however, that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. See Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying fees.") (emphasis in original)). The plaintiff must pay the filing fee over time, as he is able.

## II. Motion to File Electronically (Dkt. No. 4)

The plaintiff also filed a motion requesting "permission to upload documents to Pacer for the Eastern District" because he "[has] a pacer account already." Dkt. No. 4. The Public Access to Court Electronic Records (PACER) service provides electronic public access to search federal court records. A PACER account allows the user to search federal court records online; it does not grant electronic filing privileges to members of the public.

This district requires attorneys to file documents electronically using the Case Management/Electronic Case Files system, also known as CM/ECF. General Local Rule 5(a)(2) (E.D. Wis.) exempts self-represented parties from the district's electronic filing requirements. Section I(A)(1) of this court's Electronic Case Filing Policies and Procedures Manual states that parties who are representing themselves cannot file electronically unless authorized by the court. Electronic Case Filing Policies and Procedures Manual (available at https://www.wied.uscourts.gov/e-filing/ecf-policies-and-procedures). This court does not grant self-represented parties leave to file electronically absent extraordinary circumstances. The plaintiff identified no extraordinary circumstances, so the court will deny the plaintiff's motion for leave to file electronically.

## III. Screening the Complaint

### A. Legal Standard

The court next must "screen" the complaint to decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to

3

state a claim upon which relief may be granted or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). A document filed by a self-represented litigant must be "liberally construed[.]" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation and internal quotation marks omitted). Similarly, a complaint filed by a self-represented litigant, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.

Even though courts liberally construe their filings, self-represented litigants still must comply with Federal Rule of Civil Procedure 8(a)(2), which requires a complaint to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To state a claim against the defendants, the complaint must contain allegations that "'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663–64.

B. The Complaint

The plaintiff states that he is bringing claims of "Negligence, Defamation (Slander), and Federal Civil Rights Violations" against the defendant. Dkt. No. 1 at 2. He alleges that on February 25, 2023, "Plaintiff was riding his bicycle in the Aldi's parking lot in Milwaukee, lawfully enjoying recreational activities

4

prior to shopping" when the defendant's employee approached the plaintiff "and made a baseless comment that his conduct appeared suspect." Id. at ¶¶9–10. The plaintiff alleges that he told the employee that "the attention should be on other illicit activities on the premises rather than his lawful behavior." Id. at ¶11. According to the plaintiff,

> Shortly thereafter, a pickup truck driver—whose vehicle was later confirmed by police to be registered at an address near the Aldi location—was summoned by the security staff. This individual pursued Plaintiff on his bicycle and ultimately struck him, causing a collapsed lung, multiple rib fractures, and other significant injuries that required hospitalization.

Id. at ¶12. He asserts that while he was hospitalized, the defendant's staff gave "false information" to the police, including "alleging that Plaintiff was 'trying to steal purses.'" Id. at ¶13. The plaintiff alleges that "[t]hese unsubstantiated claims were incorporated into police reports and resulted in improper treatment by law enforcement." Id. He states that "[a]fter discharge, while attempting to shop at Aldi on crutches, Plaintiff was further humiliated when additional staff reiterated these defamatory claims." Id. at ¶14.

The plaintiff states that he "later identified the pickup truck responsible for his injuries, and police verification established that the vehicle was registered at an address immediately proximal to the Aldi location, reinforcing that the security staff's actions directly contributed to the incident." Id. at ¶15. He alleges that the defendant "not only failed to promptly notify law enforcement when a crime was suspected but actively misrepresented the situation, thereby obstructing an impartial Investigation." Id. at ¶16. He alleges that he has "suffered severe physical injuries, emotional distress, defamation,

5

and a lasting loss of reputation" because of "the actions and omissions of Defendant's staff." Id. at ¶17.

The complaint brings three claims. First, the plaintiff alleges that the defendant was negligent by failing to adequately train and supervise its employees and "failing to prevent the circumstances that led to Plaintiff's injuries through misconduct and negligence." Id. at ¶¶19–20. Second, the plaintiff brings a defamation claim alleging that the defendant's "security and managerial staff made false and defamatory statements alleging that Plaintiff was 'trying to steal purses.'" Id. at ¶24. Third, the plaintiff brings a claim under 42 U.S.C. §1983 alleging that the defendant "violated Plaintiff's federally protected rights to equal treatment and due process" by making false statements to law enforcement. Id. at ¶¶29–30. The plaintiff requests compensatory and punitive damages, attorneys' fees and injunctive relief. Id. at 4–5.

C. Analysis

The plaintiff currently has seven civil cases pending in the Eastern and Western Districts of Wisconsin alleging various civil rights violations. See Green v. Hearth Initiative Corp. et al., Case No. 25-cv-923 (E.D. Wis.); Green v. State of Wisconsin et al., Case No. 24-cv-874 (W.D. Wis.); Green v. Dane County et al., Case No. 24-cv-875 (W.D. Wis.); Green v. Porchlight Inc. et al., Case No. 25-cv-194 (W.D. Wis.); Green v. Argent Cos., Case No. 25-cv-195 (W.D. Wis.); Green v. UnityPoint Health, Case No. 25-cv-216 (W.D. Wis.); Green v. Fitness Ventures LLC, Case No. 25-cv-239 (W.D. Wis.).

The court must first consider whether it has jurisdiction over the plaintiff's claims in this case. Federal courts are courts of limited jurisdiction. They have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. They also have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff asserts that he is suing for a violation of federal law, specifically 42 U.S.C. §1983, and that the court has supplemental jurisdiction over his related state-law negligence and defamation claims. Dkt. No. 1 at ¶5. The plaintiff identifies himself as a Wisconsin resident. Id. at ¶7. He does not identify the defendant's state of citizenship other than asserting that it operates stores in Wisconsin. Id. at ¶8. The Wisconsin Department of Financial Institutions shows that Aldi, Inc. (Wisconsin) is incorporated in the state of Wisconsin with a principal office in Illinois. See https://apps.dfi.wi.gov/apps/corpSearch/Search.aspx. It appears that both the plaintiff and the defendant are citizens of Wisconsin, meaning that this court lacks diversity jurisdiction over the plaintiff's state-law claims. This means that if the complaint does not

state a claim for relief under 42 U.S.C. §1983, the court lacks jurisdiction and must dismiss this case.

Section 1983 is the federal statute through which a plaintiff may bring a claim that a state actor—an employee of a state, county or local government—violated his constitutional rights. To prevail on a §1983 claim, the plaintiff must prove that (1) he was deprived of a right secured by the Constitution or laws of the United States and (2) the person who deprived him of that right was acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citation omitted).

The plaintiff's §1983 claim against the defendant cannot proceed for two reasons. First, a plaintiff may bring a lawsuit under §1983 only against government officials or employees or individuals who acted "under color of state law." Rodriguez v. Plymouth Ambulance Serv., 577 F.3d 816, 822 (7th Cir. 2009). If the defendant is a private entity such as a corporation, the defendant's activity must be "fairly attributable to the State." Id. at 826. The complaint contains no allegations that the defendant—which is a grocery store—has any connection to the state of Wisconsin. Second, the plaintiff alleges that the defendant violated his civil rights through the actions of its employees. But "a 'private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights.'" Id. at 822 (quoting Johnson v. Dossey, 515 F.3d 778, 782 (7th Cir. 2008)). A private organization such as a grocery store is not a "person" or a "state actor" subject to suit under §1983. The court will dismiss the plaintiff's §1983 claims.

Because the court is dismissing the plaintiff's sole federal claim and the court lacks diversity jurisdiction, the court will not address the plaintiff's state-law claims. The court must dismiss this case for lack of subject-matter jurisdiction. Although the court normally allows a self-represented party to try to amend his complaint to cure the deficiencies the court has identified, the court need not give such leave when "any amendment would be futile or otherwise unwarranted." Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. and Nw. Ind., 786 F.3d 510, 520 (7th Cir. 2015) (quoting Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n, 377 F.3d 682, 687 (7th Cir. 2004)). The court finds that amendment would be futile because the defendant is not subject to suit under §1983.

**IV. Conclusion**

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **DENIES** the plaintiff's motion for leave to file electronically. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 31st day of July, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**